IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 10-CR-0048-CVE |
| LARRY G. KOCH ) | |
| and SULLIVAN ERIC JOHNSON, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT KOCH'S REQUEST FOR PRETRIAL HEARING
### TO DETERMINE THE ADMISSIBILITY OF CO-CONSIPRATOR HEARSAY

The defendant Larry G. Koch requests the Court schedule a pretrial hearing, pursuant to *United States v. James*, 590 F.2d 575 (5th Cir.), *cert. denied*, 442 U.S. 917 (1979) on the admissibility of co-conspirator hearsay. Court One of the Indictment alleges a conspiracy beginning on an undisclosed date in 1999 and continuing through the date the Indictment was returned, April 6, 2010.  The conspiracy count also alleges a number of acts committed by "others" not named in the Indictment, suggesting that there are individuals who the Government believes to be co-conspirators in this case. It is anticipated, therefore, that the government may seek to introduce statements at trial of non-testifying co-conspirators under the co-conspirator hearsay rule.  *See* FED. R. EVID. 801(d)(2)(E).

To be admitted under the co-conspirator hearsay exception, the Government must show by a preponderance of the evidence statements were made "during the course and in furtherance of the conspiracy." *United States v. Perez*, 989 F.2d 1574 (10th Cir. 1993) (en banc). Prior to the admission of these statements, the Court is

required to determine "(1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course and in furtherance of the conspiracy." *United States v. Urena*, 27 F.3d 1487 (10th Cir. 1994) *citing United States v. Johnson*, 911 F.2d 1394, 1403 (10th Cir.), *cert. denied*, 498 U.S. 1050 (1991). While the Court may permit the declaration conditionally, subject to connection, a pretrial determination of the issue is the "strongly preferred order of proof in determining the admissibility of an alleged co-conspirator statement. . ." *Urena*, 27 F.3d at 1491; See *United States v. Roberts*, 14 F.3d 502 514 (10th Cir. 1993) (holding *James* does not impose an intrinsic rule that a judge hold a hearing outside of jury's presence before the admission of co-conspirator declarations).

It is particularly important in this case that the Court require the Government prior to trial to prove the scope of the conspiracy, both in terms of the identity of the co-conspirators, as well as the time frame of the conspiracy. The Indictment alleges the conspiracy extended for over ten years through April 6, 2010. The last overt act alleged to have been committed in furtherance of the conspiracy occurred on May 18, 2000. There is no other conduct alleged after that date. The Tenth Circuit has held that a coconspirator statement is made "during the course" of the conspiracy if it is made before "the objectives of the conspiracy have either failed or been achieved." *United States v. Owens*, 70 F.3d 1118, 1126 (10th Cir. 1995). Statements made after a conspiracy has ended do not further the conspiracy and are not admissible against the defendant. *Delli Paoli*, 352 U.S. 232 (1957). A

pretrial determination of when the alleged conspiracy ended will enable the Court to establish the parameters for the admission or exclusion of co-conspirator statements intended to be offered by the Government.

A *James* hearing to identify the co-conspirators and the scope of the alleged conspiracy would be an efficient method of addressing the admissibility of co-conspirator statements, rather than having multiple mini-hearings outside the presence of the jury throughout the trial.

Based on the foregoing, Mr. Koch requests the Court schedule a pretrial hearing to determine the admissibility of any statements of alleged co-conspirators the Government intends to introduce against him.

        Respectfully submitted,

        s/John D. Russell
        John D. Russell, OBA No. 13343
        FELLERS, SNIDER, BLANKENSHIP,
           BAILEY & TIPPENS, P.C.
        321 S. Boston Avenue, Suite 800
        Tulsa, Oklahoma 74103-3811
        Telephone: (918) 599-0621
        Facsimile: (918) 583-9659
        Email: jrussell@fellerssnider.com

        **ATTORNEY FOR DEFENDANT**
        **LARRY G. KOCH**

4

## CERTIFICATE OF SERVICE

This is to certify that on the <u>7th</u> day of May, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lanny D. Welch
United States Attorney
1200 Epic Center
301 N. Main
Wichita, KS 67202
Telephone: (316) 269-6481

<u>s/John D. Russell</u>
John D. Russell

40023-#526037

4