UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CR-0048-001-CVE |
| ) | |
| LARRY G. KOCH, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is the Government's Motion in Limine (Dkt. # 38). The United States moves for an order requiring express Court approval for the parties to refer, before the jury, to the matter involving the $400,000 check issued in connection with the closing of the purchase of the Red Arrow Marina by Sullivan Eric Johnson on May 18, 2000. The United States contends that "the circumstances surrounding the issuance of the $400,000 check are irrelevant to Mr. Koch's case, yet the potential for confusion is great" because $350,000 of that check was deposited into an operating fund for the Red Arrow Marina and $350,000 is also the amount of the loan down payment and alleged circular stock transaction forming part of the alleged conspiracy with which Koch is charged. See Dkt. # 38, at 1. Koch contends that the circumstances surrounding the issuance of the $400,000 check are inextricably intertwined with the charged offenses. Dkt. # 42, at 2. Further, Koch argues that evidence regarding the $400,000 transaction may be properly admitted under Fed. R. Evid. 404(b) to demonstrate additional fraudulent conduct by alleged co-conspirator and government witness Sullivan Eric Johnson, and to show that Koch did not knowingly and voluntarily involve himself in a conspiracy to commit bank fraud. Id. at 6.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Evidence regarding the $400,000 transaction is potentially relevant to Koch's case because that transaction was made in connection with the allegedly fraudulent bank loan. The potential probative value of this evidence is not substantially outweighed by the risk of confusion of the issues or misleading the jury. The mere fact that both transactions involved $350,000 does not create a great risk of confusion. A jury should be able to differentiate between the two transactions. Further, this evidence of Sullivan Eric Johnson's prior bad acts is not offered solely to show that he acted in conformity therewith; therefore, it is admissible under Fed. R. Evid. 404(b). See United States v. Montelongo, 420 F.3d 1169, 1174 (10th Cir. 2005) ("evidence of a witness' other wrongs, acts, or crimes is admissible 'for defensive purposes if it tends, alone or with other evidence, to negate the defendant's guilt of the crime charged against him'") (quoting Agushi v. Duerr, 196 F.3d 754, 760 (7th Cir. 1999)).

**IT IS THEREFORE ORDERED** that the Government's Motion in Limine (Dkt. # 38) is **denied**.

**IT IS SO ORDERED** this 18th day of June, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT