## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-CR-0048-001-CVE** |
| | ) | |
| **LARRY G. KOCH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>INSTRUCTIONS TO THE JURY</u>

## OPENING INSTRUCTIONS

MEMBERS OF THE JURY:

NOW THAT YOU HAVE HEARD ALL OF THE EVIDENCE, IT IS MY DUTY TO GIVE YOU THE INSTRUCTIONS OF THE COURT CONCERNING THE LAW THAT YOU ARE TO APPLY TO THIS CASE.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS I SHALL STATE IT TO YOU, AND TO APPLY THAT LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE.  YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE, AND ARE TO REGARD EACH INSTRUCTION IN THE LIGHT OF ALL THE OTHERS.

REGARDLESS OF ANY OPINION WHICH YOU MAY HAVE AS TO WHAT THE LAW IS OR OUGHT TO BE, YOU MUST FOLLOW THE LAW AS GIVEN TO YOU IN THESE INSTRUCTIONS.

IN DECIDING THIS CASE YOU MUST NOT BE SWAYED BY BIAS OR PREJUDICE OR FAVOR OR SYMPATHY AS TO ANY PARTY.

IF YOU DECIDE THAT THE UNITED STATES  HAS PROVEN BEYOND A REASONABLE DOUBT THAT DEFENDANT, LARRY G. KOCH, IS GUILTY OF EITHER OR BOTH CRIMES CHARGED, IT WILL BE MY JOB TO DECIDE WHAT THE PUNISHMENT WILL BE.  PUNISHMENT SHOULD NEVER ENTER INTO YOUR CONSIDERATION OR DISCUSSIONS.

## PRESUMPTION OF INNOCENCE

EVERY DEFENDANT IN A CRIMINAL CASE IS PRESUMED TO BE INNOCENT.  THIS PRESUMPTION EXISTS IN DEFENDANT'S FAVOR AND ABIDES WITH HIM FOR PROPER PROTECTION AT EVERY STAGE OF THE TRIAL, UNLESS THE GUILT OF DEFENDANT IS ESTABLISHED BY THE EVIDENCE BEYOND A REASONABLE DOUBT.

THE PRESUMPTION OF INNOCENCE ALONE IS SUFFICIENT TO ACQUIT DEFENDANT, UNLESS YOU ARE SATISFIED BEYOND A REASONABLE DOUBT OF DEFENDANT'S GUILT AFTER A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE.  A DEFENDANT IS NEVER TO BE CONVICTED ON MERE SUSPICION OR CONJECTURE.

THE BURDEN OF PROVING GUILT RESTS WITH THE UNITED STATES, AND MUST BE SUSTAINED BY EVIDENCE WHICH ESTABLISHES GUILT BEYOND A REASONABLE DOUBT.  THAT IS, THE UNITED STATES MUST PROVE EACH ELEMENT OF EACH OFFENSE CHARGED BEYOND A REASONABLE DOUBT.  DEFENDANT IS NOT REQUIRED TO PROVE HIS INNOCENCE OR TO PRODUCE ANY EVIDENCE.

4

## DEFINITIONS OF "REASONABLE DOUBT"
## AND
## "PROOF BEYOND A REASONABLE DOUBT"

THE UNITED STATES HAS THE BURDEN OF PROVING DEFENDANT GUILTY BEYOND A REASONABLE DOUBT, WHICH DOES NOT MEAN BEYOND ALL POSSIBLE DOUBT.  A REASONABLE DOUBT IS A DOUBT BASED UPON REASON AND COMMON SENSE.  IT IS THE KIND OF DOUBT THAT WOULD MAKE A REASONABLE PERSON HESITATE TO ACT. PROOF BEYOND A REASONABLE DOUBT MUST BE PROOF OF SUCH A CONVINCING CHARACTER THAT YOU WOULD BE WILLING TO RELY AND ACT UPON IT UNHESITATINGLY IN THE MOST IMPORTANT OF YOUR OWN AFFAIRS.

## **CONSIDERATION OF THE EVIDENCE**

AS STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING YOU MUST CONSIDER ONLY THE EVIDENCE WHICH I HAVE ADMITTED IN THIS CASE.  WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE EVIDENCE AS YOU FEEL ARE JUSTIFIED IN LIGHT OF COMMON EXPERIENCE.  IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS WHICH HAVE BEEN ESTABLISHED BY THE EVIDENCE IN THIS CASE.

## "INFERENCE" AND "PRESUMPTION" DEFINED

AN INFERENCE IS A DEDUCTION OR CONCLUSION WHICH REASON AND COMMON SENSE LEAD THE JURY TO DRAW FROM FACTS WHICH HAVE BEEN PROVEN.

A PRESUMPTION IS A CONCLUSION WHICH THE LAW REQUIRES THE JURY TO MAKE FROM PARTICULAR FACTS IN THE ABSENCE OF CONVINCING EVIDENCE TO THE CONTRARY. UNLESS SO OUTWEIGHED, THE JURY IS BOUND TO FIND IN ACCORDANCE WITH THE PRESUMPTION.

UNLESS AND UNTIL OUTWEIGHED BY SUFFICIENT EVIDENCE TO THE CONTRARY, THE LAW PRESUMES THAT A PERSON IS INNOCENT OF CRIME OR WRONG AND THAT THE LAW HAS BEEN OBEYED.

## **EVIDENCE**

THE EVIDENCE WHICH YOU MAY CONSIDER IN REACHING YOUR VERDICT INCLUDES:

1.      THE SWORN TESTIMONY OF WITNESSES, BOTH ON DIRECT AND CROSS-EXAMINATION, REGARDLESS OF WHO CALLED THE WITNESS;

2.      THE EXHIBITS WHICH HAVE BEEN RECEIVED INTO EVIDENCE;

3.      ANY FACTS TO WHICH ALL THE LAWYERS HAVE AGREED OR STIPULATED.   WHEN THE LAWYERS ON BOTH SIDES STIPULATE OR AGREE  AS TO THE EXISTENCE OF A FACT, YOU MAY ACCEPT THE STIPULATION AS EVIDENCE AND REGARD THAT FACT AS PROVED.  YOU ARE NOT REQUIRED TO DO SO, HOWEVER, SINCE YOU ARE THE SOLE JUDGE OF THE FACTS.

# WHAT IS NOT EVIDENCE

CERTAIN THINGS ARE NOT EVIDENCE AND YOU MAY NOT CONSIDER THEM IN DECIDING WHAT THE FACTS ARE AND IN REACHING YOUR VERDICT.  I WILL LIST THEM FOR YOU:

1.  ARGUMENTS AND STATEMENTS BY LAWYERS ARE NOT EVIDENCE.  THE LAWYERS ARE NOT WITNESSES.  WHAT THEY HAVE SAID IN THEIR OPENING STATEMENTS, WILL SAY IN THEIR CLOSING ARGUMENTS, AND AT OTHER TIMES IS INTENDED TO HELP YOU INTERPRET THE EVIDENCE, BUT IT IS NOT EVIDENCE.  IF THE FACTS AS YOU REMEMBER THEM DIFFER FROM THE WAY THE LAWYERS HAVE STATED THEM, YOUR MEMORY OF THEM CONTROLS.

2.  QUESTIONS AND OBJECTIONS BY LAWYERS ARE NOT EVIDENCE. ATTORNEYS HAVE A DUTY TO THEIR CLIENTS TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER UNDER THE RULES OF EVIDENCE.  YOU SHOULD NOT BE INFLUENCED BY OBJECTIONS BY LAWYERS OR BY THE COURT'S RULING ON THEM.

3.   TESTIMONY THAT HAS BEEN EXCLUDED OR STRICKEN, OR THAT YOU HAVE BEEN INSTRUCTED TO DISREGARD, IS NOT EVIDENCE AND MUST NOT BE CONSIDERED.  IN ADDITION SOME TESTIMONY AND EXHIBITS MAY HAVE BEEN RECEIVED ONLY FOR A LIMITED PURPOSE; IF I HAVE GIVEN A LIMITING INSTRUCTION, YOU MUST FOLLOW IT.

4.   ANYTHING YOU MAY HAVE SEEN OR HEARD WHEN THE COURT WAS NOT IN SESSION IS NOT EVIDENCE.  YOU ARE TO DECIDE THE CASE SOLELY ON THE EVIDENCE RECEIVED AT TRIAL.

5.   ALSO YOU SHOULD NOT ASSUME FROM ANYTHING I MAY HAVE SAID THAT I HAVE ANY OPINION CONCERNING ANY OF THE ISSUES IN THIS CASE.  EXCEPT FOR MY INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID DURING THE TRIAL IN ARRIVING AT YOUR OWN DECISION CONCERNING THE FACTS.

## <u>TYPES OF EVIDENCE</u>

THERE ARE TWO TYPES OF EVIDENCE FROM WHICH A JURY MAY PROPERLY FIND DEFENDANT GUILTY OR NOT GUILTY OF AN OFFENSE. ONE IS DIRECT EVIDENCE -- SUCH AS THE TESTIMONY OF AN EYEWITNESS. THE OTHER IS CIRCUMSTANTIAL EVIDENCE -- THE PROOF OF A CHAIN OF CIRCUMSTANCES POINTING TO THE COMMISSION OR NON-COMMISSION OF THE OFFENSE.

AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT, BEFORE CONVICTING A DEFENDANT, THE JURY BE SATISFIED OF A DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT, FROM ALL THE EVIDENCE IN THE CASE. IF, AFTER WEIGHING ALL THE EVIDENCE, YOU ARE NOT CONVINCED OF THE GUILT OF DEFENDANT BEYOND A REASONABLE DOUBT, YOU MUST FIND HIM NOT GUILTY.

## NUMBER OF WITNESSES NOT CONTROLLING

YOUR DECISION ON THE FACTS OF THIS CASE SHOULD NOT BE DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING FOR OR AGAINST A PARTY.  YOU SHOULD CONSIDER ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE TO DETERMINE WHICH OF THE WITNESSES ARE WORTHY OF GREATER CREDENCE.

## <u>HOW TO EVALUATE THE TESTIMONY OF WITNESSES</u>

IN DECIDING WHAT THE FACTS ARE, YOU MUST CONSIDER ALL THE EVIDENCE.  IN DOING THIS, YOU MUST DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE.  YOU MAY DISBELIEVE ALL OR ANY PART OF ANY WITNESS' TESTIMONY.  IN MAKING THAT DECISION, YOU MAY TAKE INTO ACCOUNT A NUMBER OF FACTORS INCLUDING THE FOLLOWING:

1.  WAS THE WITNESS ABLE TO SEE, OR HEAR, OR KNOW THE THINGS ABOUT WHICH THAT WITNESS TESTIFIED?

2.  HOW WELL WAS THE WITNESS ABLE TO RECALL AND DESCRIBE THOSE THINGS?

3.  WHAT WAS THE WITNESS' MANNER WHILE TESTIFYING?

4.  DID THE WITNESS HAVE AN INTEREST IN THE OUTCOME OF THIS CASE OR ANY BIAS OR PREJUDICE CONCERNING ANY PARTY OR ANY MATTER INVOLVED IN THE CASE?  THE TESTIMONY OF A WITNESS WHO PROVIDES EVIDENCE AGAINST A DEFENDANT FOR PERSONAL ADVANTAGE MUST BE CONSIDERED WITH GREAT CARE.  YOU MUST DECIDE

WHETHER THE BELIEVABILITY OF THE WITNESS' TESTIMONY WAS AFFECTED BY HIS PERSONAL INTEREST.

5.     HOW REASONABLE WAS THE WITNESS' TESTIMONY IN LIGHT OF ALL THE EVIDENCE IN THE CASE?

6.     WAS THE WITNESS' TESTIMONY CONTRADICTED BY WHAT THAT WITNESS HAS SAID OR DONE AT ANOTHER TIME, OR BY THE TESTIMONY OF OTHER WITNESSES, OR BY OTHER EVIDENCE?  IN DECIDING WHETHER OR NOT TO BELIEVE A WITNESS, KEEP IN MIND THAT PEOPLE SOMETIMES FORGET THINGS.  YOU NEED TO CONSIDER, THEREFORE, WHETHER A CONTRADICTION IS AN INNOCENT LAPSE OF MEMORY OR AN INTENTIONAL FALSEHOOD, AND THAT MAY DEPEND ON WHETHER THE CONTRADICTION CONCERNS AN IMPORTANT FACT OR ONLY A SMALL DETAIL.

7.     WAS THE WITNESS' TESTIMONY BOLSTERED BY THE FACT HE OR SHE HAS SAID ESSENTIALLY THE SAME THING ON MORE THAN ONE OCCASION? IF SO, IT MAY BE REASONABLE FOR YOU TO BELIEVE THE TESTIMONY OF THAT WITNESS.

14

THESE ARE SOME OF THE FACTORS YOU MAY CONSIDER IN DECIDING WHETHER TO BELIEVE TESTIMONY.

## <u>CREDIBILITY OF WITNESSES -- LAW ENFORCEMENT WITNESS</u>

YOU HAVE HEARD THE TESTIMONY OF LAW ENFORCEMENT OFFICIALS.  THE FACT THAT A WITNESS MAY BE EMPLOYED AS A LAW ENFORCEMENT OFFICIAL DOES NOT MEAN THAT HIS TESTIMONY IS NECESSARILY DESERVING OF MORE OR LESS CONSIDERATION OR GREATER OR LESSER WEIGHT THAN THAT OF ANY OTHER WITNESS.

IT IS YOUR DECISION, AFTER REVIEWING ALL THE EVIDENCE, WHETHER TO ACCEPT THE TESTIMONY OF THE LAW ENFORCEMENT WITNESS AND TO GIVE TO THAT TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES.

# CREDIBILITY OF WITNESSES -- CONVICTION OF A FELONY

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR IMPEACHED BY EVIDENCE SHOWING THAT THE WITNESS HAS BEEN CONVICTED OF A FELONY, A CRIME FOR WHICH A PERSON MAY RECEIVE A PRISON SENTENCE OF MORE THAN ONE YEAR.  A PRIOR CONVICTION OF A CRIME THAT IS A FELONY IS ONE OF THE CIRCUMSTANCES WHICH YOU MAY CONSIDER IN DETERMINING THE CREDIBILITY OF THAT WITNESS.

IT IS THE SOLE AND EXCLUSIVE RIGHT OF THE JURY TO DETERMINE THE WEIGHT TO BE GIVEN TO ANY PRIOR CONVICTION AS IMPEACHMENT AND THE WEIGHT TO BE GIVEN TO THE TESTIMONY OF ANY ONE WHO HAS PREVIOUSLY BEEN CONVICTED OF A FELONY.

## CREDIBILITY OF WITNESSES -- AGREEMENT WITH UNITED STATES

THE TESTIMONY OF A WITNESS WHO HAS PLEADED GUILTY PURSUANT TO AN AGREEMENT WITH THE UNITED STATES AND HAS AGREED TO TESTIFY AGAINST A CO-DEFENDANT, MUST BE EXAMINED AND WEIGHED WITH GREATER CARE THAN THE TESTIMONY OF SOMEONE WHO IS APPEARING IN COURT WITHOUT THE NEED FOR SUCH AN AGREEMENT WITH THE UNITED STATES.  YOU MUST DETERMINE WHETHER THE TESTIMONY OF SUCH A WITNESS HAS BEEN AFFECTED BY SELF-INTEREST, OR BY THE AGREEMENT HE HAS WITH THE UNITED STATES, OR BY HIS OWN INTEREST IN THE OUTCOME OF THIS CASE, OR BY PREJUDICE AGAINST DEFENDANT.  THE PRACTICE, BY THE UNITED STATES, OF ENTERING SUCH AGREEMENTS WITH A WITNESS IS A LEGAL AND PROPER MECHANISM TO OBTAIN EVIDENCE FROM AN ACCOMPLICE OR WITNESS TO A CRIME.

18

## TESTIMONY OF CO-DEFENDANT

YOU HAVE HEARD TESTIMONY FROM SULLIVAN ERIC JOHNSON, WHO ADMITTED BEING A PARTICIPANT IN THE CONSPIRACY CHARGED. A CO-CONSPIRATOR DOES NOT BECOME INCOMPETENT AS A WITNESS BECAUSE OF PARTICIPATION IN THE CRIME CHARGED. THE TESTIMONY OF ONE WHO ASSERTS BY HIS TESTIMONY THAT HE IS A CO-CONSPIRATOR MAY BE RECEIVED INTO EVIDENCE AND CONSIDERED BY THE JURY, EVEN THOUGH NOT CORROBORATED BY OTHER EVIDENCE, AND GIVEN SUCH WEIGHT AS THE JURY FEELS IT SHOULD HAVE.  THE JURY, HOWEVER, SHOULD KEEP IN MIND THAT SUCH TESTIMONY IS ALWAYS TO BE RECEIVED WITH CAUTION AND CONSIDERED WITH GREAT CARE.

YOU SHOULD NEVER CONVICT A DEFENDANT UPON THE UNSUPPORTED TESTIMONY OF AN ALLEGED CO-CONSPIRATOR, UNLESS YOU BELIEVE THAT UNSUPPORTED TESTIMONY BEYOND A REASONABLE DOUBT.

THE FACT THAT AN ALLEGED CO-CONSPIRATOR HAS ENTERED A PLEA OF GUILTY TO THE OFFENSE CHARGED IS NOT EVIDENCE, IN AND

OF ITSELF, OF THE GUILT OF ANY OTHER PERSON.  THIS GUILTY PLEA
IS NOT EVIDENCE AGAINST DEFENDANT AND YOU MAY CONSIDER IT
ONLY IN DETERMINING THE BELIEVABILITY OF THAT WITNESS.  SUCH
PLEA BARGAINING, AS IT IS CALLED, HAS BEEN APPROVED AS LAWFUL
AND PROPER, AND IS EXPRESSLY PROVIDED FOR IN THE RULES OF THIS
COURT.

AFTER DUE CONSIDERATION, YOU MAY GIVE THE TESTIMONY OF
THE WITNESS SUCH WEIGHT AS YOU FEEL IT DESERVES.

## ATTORNEY INTERVIEWING WITNESS

IT IS PROPER FOR AN ATTORNEY TO INTERVIEW ANY WITNESS IN PREPARATION FOR TRIAL.

# **PRIOR INCONSISTENT STATEMENTS**

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR, AS WE SOMETIMES SAY, IMPEACHED, BY SHOWING THAT HE OR SHE PREVIOUSLY MADE STATEMENTS THAT ARE DIFFERENT FROM OR INCONSISTENT WITH HIS OR HER TESTIMONY HERE IN COURT.  IT IS THE PROVINCE OF THE JURY TO DETERMINE THE CREDIBILITY, IF ANY, TO BE GIVEN THE TESTIMONY OF A WITNESS WHO HAS MADE PRIOR INCONSISTENT OR CONTRADICTORY STATEMENTS.

IF A PERSON IS SHOWN TO HAVE KNOWINGLY TESTIFIED FALSELY CONCERNING ANY IMPORTANT OR MATERIAL MATTER, YOU OBVIOUSLY HAVE A RIGHT TO DISTRUST THE TESTIMONY OF SUCH AN INDIVIDUAL CONCERNING OTHER MATTERS.  YOU MAY ACCEPT AS TRUE THE PRIOR STATEMENTS OF THAT WITNESS AND REJECT ALL OF HIS OR HER TRIAL TESTIMONY, OR OTHERWISE GIVE HIS OR HER TRIAL TESTIMONY SUCH WEIGHT OR CREDIBILITY AS YOU MAY THINK IT DESERVES.

## CONSIDER ONLY OFFENSES CHARGED

YOU ARE INSTRUCTED THAT YOU ARE HERE SOLELY TO DETERMINE THE GUILT OF THE ACCUSED FROM THE EVIDENCE IN THIS CASE. DEFENDANT IS NOT ON TRIAL FOR ANY ACT OR CONDUCT NOT ALLEGED IN THE INDICTMENT. FURTHERMORE, DEFENDANT IS THE ONLY PERSON ON TRIAL IN THIS CASE. YOU ARE NOT TO RETURN A VERDICT AS TO THE GUILT OF ANY OTHER PERSON OR PERSONS NOT ON TRIAL AS THE DEFENDANT IN THIS CASE.

## COUNTS ARE SEPARATE CRIMES

YOU ARE INSTRUCTED THAT A SEPARATE CRIME OR OFFENSE IS CHARGED IN EACH COUNT OF THE INDICTMENT.  EACH CRIME OR OFFENSE AS CHARGED AND THE EVIDENCE APPLICABLE THERETO, SHOULD BE CONSIDERED SEPARATELY, AND A VERDICT OF GUILTY OR NOT GUILTY AS TO EACH COUNT OR OFFENSE SHOULD LIKEWISE BE CONSIDERED SEPARATELY.  OF COURSE, SOME EVIDENCE MAY PERTAIN TO MORE THAN ONE COUNT.

THE FACT THAT YOU MAY FIND DEFENDANT GUILTY OR NOT GUILTY AS TO THE CRIME OR OFFENSE CHARGED IN ONE COUNT SHOULD NOT CONTROL YOUR VERDICT WITH REFERENCE TO THE OTHER COUNT.

## DEFENDANT NOT ON TRIAL

YOU MAY NOTE THAT NOT ALL OF THE DEFENDANTS NAMED IN THE INDICTMENT ARE ON TRIAL AT THIS TIME.   YOU SHOULD DISREGARD THIS FACT AND CONSIDER THE EVIDENCE PRESENTED ONLY IN REGARD TO THE DEFENDANT NOW ON TRIAL.

## "INDICTMENT" DEFINED

AN INDICTMENT IS BUT A FORMAL METHOD USED BY THE UNITED STATES TO ACCUSE A DEFENDANT OF A CRIME.  IT IS NOT EVIDENCE OF ANY KIND AGAINST A DEFENDANT.  A DEFENDANT IS PRESUMED TO BE INNOCENT OF THE CRIMES CHARGED.  EVEN THOUGH THIS INDICTMENT HAS BEEN RETURNED AGAINST DEFENDANT, HE BEGAN THIS TRIAL WITH ABSOLUTELY NO EVIDENCE AGAINST HIM.

LARRY G. KOCH HAS ENTERED A PLEA OF "NOT GUILTY" TO THIS INDICTMENT AND, THEREFORE, DENIES THAT HE IS GUILTY OF THE CHARGES AGAINST HIM.

## <u>INTRODUCTION TO THE INDICTMENT</u>

DEFENDANT STANDS CHARGED IN THE INDICTMENT WITH HAVING VIOLATED THE LAWS OF THE UNITED STATES OF AMERICA. DEFENDANT HAS ENTERED A PLEA OF "NOT GUILTY" TO THE CHARGES MADE BY THE UNITED STATES, PLACING THE BURDEN ON THE UNITED STATES TO ESTABLISH THE ACCUSATIONS MADE BEYOND A REASONABLE DOUBT.

REMEMBER, HOWEVER, THAT THE INDICTMENT IS SIMPLY THE FORMAL METHOD ACCUSING A PERSON OF A CRIME OR CRIMES. IT IS NOT EVIDENCE AND DOES NOT CREATE ANY PRESUMPTION OR INFERENCE OF GUILT.

## OFFENSES CHARGED IN THE INDICTMENT

THE GRAND JURY CHARGES:

## INTRODUCTION

1.      THE RED ARROW MARINA OF GRAND LAKE (RED ARROW) IS LOCATED NEAR AFTON, OKLAHOMA, IN CLOSE PROXIMITY TO THE GRAND LAKE O' THE CHEROKEES IN NORTHEAST OKLAHOMA.   IN EARLY 2000, BRAD S. CARSON (CARSON) WAS THE OWNER OF RED ARROW BUT HE HAD LISTED RED ARROW FOR SALE AS EARLY AS 1998.

2.      CARSON WAS ALSO AN OWNER AND STOCKHOLDER OF AUTUMN HOME CARE FACILITIES, INC. (AUTUMN HOME), A COMPANY WHICH OPERATED NURSING AND RESIDENTIAL CARE FACILITIES IN OKLAHOMA AND KANSAS.

3.      THE BANK OF OKLAHOMA (BOK) IS A FINANCIAL INSTITUTION (AS DEFINED IN TITLE 18, U.S.C. § 20) HEADQUARTERED IN OKLAHOMA WHOSE DEPOSITS, AT ALL TIMES RELEVANT TO THIS INDICTMENT, WERE INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC).

4.     LARRY  G.  KOCH  (KOCH),  A  DEFENDANT  HEREIN,  WAS  A  VICE PRESIDENT OF BOK WITH AN OFFICE LOCATED AT THE BOK BRANCH BANK IN GROVE, OKLAHOMA.

5.     THE  SMALL  BUSINESS  ADMINISTRATION  (SBA)  IS  A  FEDERAL AGENCY CREATED IN 1953 TO PROVIDE MANAGEMENT AND FINANCIAL ASSISTANCE TO SMALL BUSINESSES.  THE SBA PRIMARILY PROVIDES ASSISTANCE  TO  SMALL  BUSINESSES  BY  GUARANTEEING  LOANS  TO SMALL BUSINESSES THROUGH FINANCIAL INSTITUTIONS SUCH AS BOK.

6.     AS EARLY AS NOVEMBER OF 1999, SULLIVAN ERIC JOHNSON, A/K/A "S.  ERIC  JOHNSON"  (JOHNSON),  A  DEFENDANT  HEREIN,  REPRESENTED TO  BOK  HE  WAS  INTERESTED  IN  PURCHASING  RED  ARROW  FROM CARSON AND WAS INTERESTED IN OBTAINING A LOAN FROM BOK TO FINANCE THE PURCHASE OF THE MARINA.

7.     IN  2000,  JOHNSON  REACHED  AGREEMENT  WITH  CARSON  TO PURCHASE RED ARROW FOR $1,750,000.

8.     IN ORDER TO FINANCE THE PURCHASE, JOHNSON APPLIED FOR A LOAN FROM BOK, GUARANTEED IN PART BY THE SBA, IN THE AMOUNT OF $1,400,000.  IN ORDER TO BE APPROVED FOR THE LOAN, BOK AND THE SBA REQUIRED A DOWN PAYMENT FROM JOHNSON IN THE AMOUNT OF

29

$350,000 WHICH REPRESENTED 20% OF THE PURCHASE PRICE OF $1,750,000. THE BOK LOAN AMOUNT OF $1,400,000 WAS THE AMOUNT STILL OWED BY JOHNSON IF HE SUPPLIED THE DOWN PAYMENT OF $350,000.

**COUNT ONE**
**[18 U.S.C. §371]**

9.      PARAGRAPHS 1 THROUGH 8 ARE INCORPORATED HEREIN AS IF FULLY SET FORTH.

10.     FROM ON OR ABOUT 1999, IN THE NORTHERN DISTRICT OF OKLAHOMA, AND ELSEWHERE, UP TO AND THROUGH THE RETURN OF THIS INDICTMENT, THE DEFENDANTS HEREIN, LARRY G. KOCH AND SULLIVAN ERIC JOHNSON A/K/A "S. ERIC JOHNSON", KNOWINGLY AND WILLFULLY CONSPIRED AND AGREED TOGETHER AND WITH EACH OTHER, AND WITH OTHERS KNOWN AND UNKNOWN TO THE GRAND JURY, TO COMMIT CRIMES AGAINST THE UNITED STATES, TO:

A.      MAKE FALSE STATEMENTS AND REPORTS TO A FEDERALLY INSURED INSTITUTION IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 2 AND 1014;

B.      EXECUTE AND ATTEMPT TO EXECUTE A SCHEME OR ARTIFICE TO OBTAIN MONEYS, FUNDS, CREDITS, ASSETS, SECURITIES AND OTHER PROPERTY OWNED BY AND UNDER THE CUSTODY AND CONTROL OF A FEDERALLY INSURED INSTITUTION BY MEANS OF FALSE AND FRAUDULENT

PRETENSES REPRESENTATIONS AND PROMISES, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 2 AND 1344(2); AND,

C.    COMMIT THEFT AND MISAPPLICATION BY A BANK OFFICER AND EMPLOYEE IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 2 AND 656.

11.    IN FURTHERANCE AND EXECUTION OF THE AFORESAID CONSPIRACY AND TO EFFECT THE OBJECTS THEREOF, THE DEFENDANTS COMMITTED THE OVERT ACTS SET FORTH IN PARAGRAPHS 12 THROUGH 22 AND THE SUBSTANTIVE CRIME SET FORTH IN COUNT TWO, HEREINAFTER.

12.    DEFENDANT JOHNSON, AIDED AND ABETTED BY DEFENDANT KOCH AND CARSON, MADE, AND CAUSED TO BE MADE, MATERIALLY FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS, AND PROMISES TO ACHIEVE THE OBJECT OF THE SCHEME.

13.    DURING THE LOAN APPLICATION PROCESS, DEFENDANT JOHNSON DISCLOSED IN AN SBA PERSONAL FINANCIAL STATEMENT DATED MARCH 28, 2000, WHICH WAS PROVIDED TO BOK IN SUPPORT OF THE LOAN APPLICATION, THAT HE OWNED 50,000 SHARES OF STOCK OF AUTUMN HOME CARE FACILITIES, INC. (AUTUMN HOME) WHICH HAD A VALUE OF $397,500.   AT THE TIME OF THE DISCLOSURE, DEFENDANT

JOHNSON KNEW HE DID NOT OWN THESE SHARES OF AUTUMN HOME
STOCK.

14.     DEFENDANT JOHNSON ALSO DISCLOSED TO BOK, AS PART OF THE
LOAN APPLICATION PROCESS, A COPY OF AN AUTUMN HOME INVESTOR
SUBSCRIPTION  AGREEMENT  DATED  JANUARY  21,  1997,  WHICH
REFLECTED  DEFENDANT  JOHNSON  HAD  AGREED  TO  PURCHASE  THE
50,000 SHARES OF STOCK FOR $100,000 IN THE FORM OF CASH OR CHECK.
AT THE TIME OF THIS DISCLOSURE, DEFENDANT JOHNSON KNEW HE
HAD  MADE  NO  SUCH  AGREEMENT  TO  PURCHASE  THESE  SHARES  OF
STOCK.

15.     DEFENDANT JOHNSON ALSO PROVIDED TO BOK, AS PART OF THE
LOAN  APPLICATION  PROCESS,  A  LETTER  ADDRESSED  TO  DEFENDANT
JOHNSON FROM ROBERT P. CHRISTIANSEN, CHIEF FINANCIAL OFFICER
OF AUTUMN HOME, DATED FEBRUARY 2, 1997, WHICH ACKNOWLEDGED
RECEIPT  OF  $100,000  FROM  DEFENDANT  JOHNSON  AND  INFORMED
DEFENDANT JOHNSON THAT THE 50,000 SHARES OF STOCK WOULD BE
ISSUED  IN  BOOK  ENTRY  FORM  IN  THE  AUTUMN  HOME  CORPORATE
RECORDS.  AT THE TIME OF THIS DISCLOSURE, DEFENDANT JOHNSON
KNEW THIS LETTER WAS FRAUDULENT BECAUSE HE HAD NEVER PAID

NOR PROVIDED $100,000 TO AUTUMN HOME FOR THE PURCHASE OF ITS STOCK.

16.    BECAUSE DEFENDANT JOHNSON DID NOT HAVE SUFFICIENT FUNDS TO MAKE THE $350,000 DOWN PAYMENT ON THE LOAN, ON OR ABOUT MAY 17, 2000, DEFENDANTS JOHNSON AND KOCH AND CARSON DEVISED A PLAN TO MAKE IT APPEAR DEFENDANT JOHNSON HAD MADE A $350,000 DOWN PAYMENT TO CARSON THROUGH THE SALE OF AUTUMN HOME STOCK FROM DEFENDANT JOHNSON BACK TO CARSON. DEFENDANT JOHNSON NEVER OWNED AUTUMN HOME STOCK AND, THEREFORE, THE "STOCK SALE" WAS A SHAM TRANSACTION.

17.    ON MAY 18, 2000, DEFENDANT JOHNSON ATTEMPTED TO OPEN A CHECKING ACCOUNT WITH THE FIRST NATIONAL BANK OF GROVE, 600 S. MAIN, GROVE, OKLAHOMA, BY ATTEMPTING TO DEPOSIT A CHECK IN THE AMOUNT OF $350,000 HE HAD RECEIVED FROM BRAD CARSON AS PART OF THE SHAM STOCK SALE.

18.    ON MAY 18, 2000, ED HAMILTON, PRESIDENT OF THE FIRST NATIONAL BANK OF GROVE (FIRST NATIONAL), WAS SUSPICIOUS OF DEFENDANT JOHNSON'S ATTEMPTED DEPOSIT WHICH CAUSED HIM TO CONTACT DEFENDANT KOCH AT THE BOK BRANCH IN GROVE,

33

OKLAHOMA, TO VERIFY SUFFICIENT FUNDS WERE IN CARSON'S ACCOUNT AT BOK. DEFENDANT KOCH ASSURED HAMILTON THERE WERE SUFFICIENT FUNDS IN CARSON'S ACCOUNT TO COVER THE CHECK EVEN THOUGH DEFENDANT KOCH KNEW THERE WERE NOT SUFFICIENT FUNDS IN CARSON'S ACCOUNT TO COVER THIS CHECK. KOCH ALSO KNEW AT THE TIME HAMILTON CONTACTED HIM ABOUT THE CARSON CHECK TO DEFENDANT JOHNSON THAT DEFENDANT JOHNSON DID NOT HAVE SUFFICIENT FUNDS TO MAKE THE DOWN PAYMENT AND THAT CARSON HAD GIVEN THE CHECK TO DEFENDANT JOHNSON SO THAT DEFENDANT JOHNSON WOULD HAVE FUNDS TO MAKE THE DOWN PAYMENT ON HIS LOAN TO PURCHASE RED ARROW.

19.   BECAUSE HE WAS STILL UNEASY ABOUT THE $350,000 CARSON CHECK THAT DEFENDANT JOHNSON WAS ATTEMPTING TO USE TO OPEN THE ACCOUNT AT FIRST NATIONAL, ED HAMILTON DECIDED TO OBTAIN AN OFFICIAL CHECK FROM BOK IN EXCHANGE FOR THE CARSON CHECK TO DEPOSIT INTO JOHNSON'S NEW ACCOUNT AT FIRST NATIONAL. HAMILTON SENT A FIRST NATIONAL EMPLOYEE TO BOK WITH THE CARSON CHECK TO OBTAIN AN OFFICIAL CHECK FROM BOK.

34

20.    ALTHOUGH HE KNEW BRAD CARSON DID NOT HAVE SUFFICIENT FUNDS IN HIS BOK ACCOUNT, DEFENDANT KOCH APPROVED THE ISSUANCE OF THE "OFFICIAL CHECK" IN THE AMOUNT OF $350,000 MADE PAYABLE TO "S. ERIC JOHNSON," WHICH THEN WAS DEPOSITED INTO JOHNSON'S NEW FIRST NATIONAL CHECKING ACCOUNT.

21.    AFTER THE FIRST NATIONAL CHECKING ACCOUNT WAS OPENED, DEFENDANT JOHNSON IMMEDIATELY WROTE A CHECK TO BRAD CARSON IN THE AMOUNT OF $350,000 ON HIS NEWLY-OPENED FIRST NATIONAL ACCOUNT WHICH HE HAND-CARRIED TO CARSON AT BOK. CARSON THEN DEPOSITED THIS CHECK INTO HIS BOK ACCOUNT TO COVER THE $350,000 CHECK HE HAD WRITTEN TO DEFENDANT JOHNSON.  THESE TRANSACTIONS CANCELED EACH OTHER OUT WITH NO ACTUAL MONEY BEING EXCHANGED AND NO ACTUAL DOWN PAYMENT BEING MADE ON THE LOAN.

22. BECAUSE    OF    THE    MATERIALLY    FALSE    PRETENSES, REPRESENTATIONS AND PROMISES MADE BY DEFENDANTS JOHNSON AND KOCH AND OTHERS, THE LOAN WAS ISSUED BY BOK TO DEFENDANT JOHNSON AND THE SALE OF RED ARROW OCCURRED ON MAY 18, 2000.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 371.

## COUNT TWO
### [18 U.S.C. § 656 AND § 2(a)]

23.    PARAGRAPHS 1 THROUGH 22 OF THIS INDICTMENT ARE REALLEGED HEREIN AS THOUGH FULLY SET FORTH IN COUNT TWO.

24.    ON OR ABOUT MAY 18, 2000, IN THE NORTHERN DISTRICT OF OKLAHOMA, THE DEFENDANTS HEREIN, LARRY G. KOCH AND SULLIVAN ERIC JOHNSON A/K/A "S. ERIC JOHNSON", DEFENDANT KOCH BEING AN OFFICER AND EMPLOYEE OF THE BANK OF OKLAHOMA (BOK), THE DEPOSITS OF WHICH WERE THEN INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC), WITH THE INTENT TO INJURE AND DEFRAUD BOK, WILFULLY MISAPPLIED MONEYS INTRUSTED IN THE CARE AND CUSTODY OF BOK, IN THAT DEFENDANT KOCH MADE A LOAN TO DEFENDANT JOHNSON TO PURCHASE RED ARROW MARINA WHEN HE KNEW DEFENDANT JOHNSON DID NOT HAVE SUFFICIENT FUNDS TO MAKE THE $350,000 DOWN PAYMENT REQUIRED BY BOK AND THE SBA IN ORDER FOR DEFENDANT JOHNSON TO OBTAIN THE LOAN.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 656 AND SECTION 2(a).

### PROOF OF "ON OR ABOUT"

37

THE INDICTMENT CHARGES THAT THE OFFENSES OR CERTAIN EVENTS OCCURRED "ON OR ABOUT" A CERTAIN DATE.  IT IS NOT NECESSARY THAT THE PROOF ESTABLISH WITH CERTAINTY THAT THE OFFENSES OR EVENTS OCCURRED ON THE EXACT DATE ALLEGED. IT IS SUFFICIENT IF THE EVIDENCE SHOWS BEYOND A REASONABLE DOUBT THAT SUCH OCCURRENCES WERE COMMITTED ON DATES REASONABLY NEAR THE DATE ALLEGED.

## STATUTE DEFINING THE OFFENSE CHARGED IN COUNT ONE

THE OFFENSE OF CONSPIRACY, WHICH IS ALLEGED IN COUNT ONE OF THE INDICTMENT, IS DEFINED IN SECTION 371 OF TITLE 18 OF THE UNITED STATES CODE, WHICH PROVIDES:

IF TWO OR MORE PERSONS CONSPIRE . . . TO COMMIT ANY OFFENSE AGAINST THE UNITED STATES . . . AND ONE OR MORE OF SUCH PERSONS DO ANY ACT TO EFFECT THE OBJECT OF THE CONSPIRACY, EACH SHALL BE . . .

GUILTY OF AN OFFENSE AGAINST THE LAWS OF THE UNITED STATES.

## ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED IN COUNT ONE

DEFENDANT IS CHARGED IN COUNT ONE WITH A VIOLATION OF 18 U.S.C SECTION 371.

THIS LAW MAKES IT A CRIME TO CONSPIRE TO COMMIT AN OFFENSE AGAINST THE UNITED STATES.

TO FIND DEFENDANT GUILTY OF THIS CRIME YOU MUST BE CONVINCED THAT THE UNITED STATES HAS PROVEN EACH OF THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

*FIRST*:        THE DEFENDANT AGREED WITH AT LEAST ONE OTHER PERSON TO VIOLATE THE LAW;

*SECOND*:   ONE OF THE CONSPIRATORS ENGAGED IN AT LEAST ONE OVERT ACT FURTHERING THE CONSPIRACY'S OBJECTIVE;

*THIRD*:        THE DEFENDANT KNEW THE ESSENTIAL OBJECTIVE OF THE CONSPIRACY;

*FOURTH:*   THE DEFENDANT KNOWINGLY AND VOLUNTARILY PARTICIPATED; AND

*FIFTH*:        THERE WAS INTERDEPENDENCE AMONG THE MEMBERS OF THE CONSPIRACY; THAT IS, THE MEMBERS, IN SOME WAY OR

MANNER, INTENDED TO ACT TOGETHER FOR THEIR SHARED MUTUAL BENEFIT WITHIN THE SCOPE OF THE CONSPIRACY CHARGED.

THE TERM "OVERT ACT" MEANS SOME TYPE OF OUTWARD, OBJECTIVE ACTION PERFORMED BY ONE OF THE PARTIES TO, OR ONE OF THE MEMBERS OF, THE AGREEMENT OR CONSPIRACY WHICH EVIDENCES THAT AGREEMENT.

ALTHOUGH YOU MUST UNANIMOUSLY AGREE THAT THE SAME OVERT ACT WAS COMMITTED, THE GOVERNMENT IS NOT REQUIRED TO PROVE MORE THAN ONE OF THE OVERT ACTS CHARGED.

THE OVERT ACT MAY, BUT FOR THE ALLEGED ILLEGAL AGREEMENT, APPEAR TOTALLY INNOCENT AND LEGAL.

## FALSE STATEMENTS TO A BANK

DEFENDANT IS CHARGED WITH CONSPIRACY IN VIOLATION OF 18 U.S.C. § 371, TO MAKE FALSE STATEMENTS TO A BANK IN VIOLATION OF 18 U.S.C. § 1014.  SECTION 1014 OF TITLE 18 OF THE UNITED STATES CODE PROVIDES:

WHOEVER KNOWINGLY MAKES ANY FALSE STATEMENT OR REPORT, OR WILLFULLY OVERVALUES ANY LAND, PROPERTY OR SECURITY, FOR THE PURPOSE OF INFLUENCING IN ANY WAY THE ACTION OF . . . ANY INSTITUTION THE ACCOUNTS OF WHICH ARE INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION, . . . UPON ANY APPLICATION, ADVANCE, DISCOUNT, PURCHASE, PURCHASE AGREEMENT, REPURCHASE AGREEMENT, COMMITMENT, LOAN, OR INSURANCE AGREEMENT OR APPLICATION FOR INSURANCE OR A GUARANTEE, OR ANY CHANGE OR EXTENSION OF ANY OF THE SAME . . .

SHALL BE GUILTY OF AN OFFENSE AGAINST THE LAWS OF THE UNITED STATES.

TO FIND THAT DEFENDANT CONSPIRED TO COMMIT THE UNDERLYING OFFENSE OF FALSE STATEMENT TO A BANK, THE UNITED STATES MUST PROVE BEYOND A REASONABLE DOUBT THAT DEFENDANT AGREED TO COMMIT THE OFFENSE OF FALSE STATEMENT TO A BANK.  THIS LAW MAKES IT A CRIME TO KNOWINGLY MAKE A FALSE STATEMENT TO A FEDERALLY INSURED BANK FOR THE PURPOSE OF INFLUENCING THE BANK TO MAKE A LOAN.  THE OFFENSE HAS FOUR ELEMENTS:

*FIRST*:     THE BANK OF OKLAHOMA WAS FEDERALLY INSURED;

*SECOND*:   THE DEFENDANT OR A CO-CONSPIRATOR MADE A FALSE STATEMENT TO THE BANK OF OKLAHOMA;

*THIRD*:     THE DEFENDANT OR A CO-CONSPIRATOR KNEW THE STATEMENT WAS FALSE WHEN HE MADE IT; AND

*FOURTH*:   THE DEFENDANT OR A CO-CONSPIRATOR INTENDED TO INFLUENCE THE BANK OF OKLAHOMA TO MAKE A LOAN TO SULLIVAN ERIC JOHNSON FOR THE PURCHASE OF THE RED ARROW MARINA.

IT IS NOT NECESSARY, HOWEVER, TO PROVE THAT THE INSTITUTION INVOLVED WAS IN FACT INFLUENCED OR MISLED.

TO MAKE A FALSE STATEMENT TO A FEDERALLY INSURED BANK, THE DEFENDANT OR CO-CONSPIRATOR NEED NOT DIRECTLY SUBMIT

THE FALSE STATEMENT TO THE INSTITUTION.  IT IS SUFFICIENT THAT DEFENDANT OR CO-CONSPIRATOR SUBMIT THE STATEMENT TO A THIRD PARTY, KNOWING THAT THE THIRD PARTY WILL SUBMIT THE FALSE STATEMENT TO THE FEDERALLY INSURED BANK.

A STATEMENT MAY BE SPOKEN, WRITTEN, OR MADE BY OTHER CONDUCT THAT COMMUNICATES A FACT TO ANOTHER PERSON.

# **BANK FRAUD**

DEFENDANT IS CHARGED WITH CONSPIRACY IN VIOLATION OF 18 U.S.C. § 371, TO COMMIT BANK FRAUD IN VIOLATION OF 18 U.S.C. § 1344. SECTION 1344 OF TITLE 18 OF THE UNITED STATES CODE PROVIDES:

> WHOEVER KNOWINGLY EXECUTES, OR ATTEMPTS TO EXECUTE, A SCHEME OR ARTIFICE . . . TO OBTAIN ANY OF THE MONEYS, FUNDS, CREDITS, ASSETS, SECURITIES, OR OTHER PROPERTY OWNED BY, OR UNDER THE CUSTODY OR CONTROL OF, A FINANCIAL INSTITUTION, BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES . . .

SHALL BE GUILTY OF AN OFFENSE AGAINST THE LAWS OF THE UNITED STATES.

TO FIND THAT DEFENDANT CONSPIRED TO COMMIT THE UNDERLYING OFFENSE OF BANK FRAUD, THE UNITED STATES MUST PROVE BEYOND A REASONABLE DOUBT THAT DEFENDANT AGREED TO COMMIT THE OFFENSE OF BANK FRAUD.  THE OFFENSE HAS FOUR ELEMENTS:

*FIRST*:     THE DEFENDANT OR A CO-CONSPIRATOR KNOWINGLY EXECUTED OR ATTEMPTED TO EXECUTE A SCHEME OR ARTIFICE TO OBTAIN MONEY OR PROPERTY FROM THE BANK OF OKLAHOMA BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES;

*SECOND*: THE BANK OF OKLAHOMA WAS A FINANCIAL INSTITUTION WITHIN THE MEANING OF THE LAW; IN THIS CASE THAT MEANS THE GOVERNMENT MUST PROVE THAT THE BANK OF OKLAHOMA WAS INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION;

*THIRD*:     THE DEFENDANT OR A CO-CONSPIRATOR ACTED WITH INTENT TO DEFRAUD;

*FOURTH*: THE FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES THAT THE DEFENDANT OR A CO-CONSPIRATOR MADE WERE MATERIAL, MEANING THEY WOULD NATURALLY TEND TO INFLUENCE, OR WERE CAPABLE OF INFLUENCING THE DECISION OF, THE BANK OF OKLAHOMA.

A "SCHEME OR ARTIFICE TO DEFRAUD" INCLUDES ANY DESIGN, PLAN, PATTERN OR COURSE OF ACTION, INCLUDING FALSE AND FRAUDULENT PRETENSES AND MISREPRESENTATIONS, INTENDED TO

46

DECEIVE OTHERS IN ORDER TO OBTAIN SOMETHING OF VALUE, SUCH AS MONEY, FROM THE INSTITUTION TO BE DECEIVED.

A DEFENDANT OR CO-CONSPIRATOR ACTS WITH THE REQUISITE "INTENT TO DEFRAUD" IF THE DEFENDANT OR CO-CONSPIRATOR ACTED KNOWINGLY AND WITH THE SPECIFIC INTENT OR PURPOSE TO DECEIVE, ORDINARILY FOR THE PURPOSE OF CAUSING SOME FINANCIAL LOSS TO ANOTHER OR BRINGING ABOUT SOME FINANCIAL GAIN TO THE DEFENDANT.

A STATEMENT OR REPRESENTATION IS "FALSE" OR "FRAUDULENT" IF IT IS KNOWN TO BE UNTRUE OR IS MADE WITH RECKLESS INDIFFERENCE TO ITS TRUTH OR FALSITY.

## MISAPPLICATION OF BANK FUNDS

DEFENDANT IS CHARGED WITH CONSPIRACY IN VIOLATION OF 18 U.S.C. § 371, TO COMMIT MISAPPLICATION BY A BANK OFFICER AND EMPLOYEE IN VIOLATION OF 18 U.S.C. § 656. SECTION 656 OF TITLE 18 OF THE UNITED STATES CODE PROVIDES:

> WHOEVER, BEING AN OFFICER, DIRECTOR, AGENT OR EMPLOYEE OF . . . ANY INSURED BANK . . . WILLFULLY MISAPPLIES ANY OF THE MONEYS, FUNDS OR CREDITS OF SUCH BANK . . . OR ANY MONEYS, FUNDS, ASSETS OR SECURITIES INTRUSTED TO THE CUSTODY OR CARE OF SUCH BANK . . .

SHALL BE GUILTY OF AN OFFENSE AGAINST THE LAWS OF THE UNITED STATES.

TO FIND THAT DEFENDANT CONSPIRED TO COMMIT THE UNDERLYING OFFENSE OF MISAPPLICATION OF BANK FUNDS, THE UNITED STATES MUST PROVE BEYOND A REASONABLE DOUBT THAT DEFENDANT AGREED TO COMMIT THE OFFENSE OF MISAPPLICATION OF BANK FUNDS.  THE OFFENSE HAS FIVE ELEMENTS:

*FIRST*:     THE DEFENDANT WAS AN OFFICER, AGENT, OR EMPLOYEE OF THE BANK OF OKLAHOMA;

*SECOND*:     THE BANK OF OKLAHOMA WAS AN INSURED BANK, MEANING A BANK THE DEPOSITS OF WHICH ARE INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION;

*THIRD*:     THE DEFENDANT WILLFULLY MISAPPLIED FUNDS BELONGING TO OR ENTRUSTED TO THE CARE OF THE BANK OF OKLAHOMA;

*FOURTH*:   THE DEFENDANT ACTED WITH THE INTENT TO INJURE OR DEFRAUD THE BANK OF OKLAHOMA; AND

*FIFTH*:     THE AMOUNT OF MONEY TAKEN WAS MORE THAN $1,000.

TO ACT WITH INTENT TO DEFRAUD MEANS TO ACT WITH INTENT TO DECEIVE OR CHEAT SOMEONE.

TO "WILLFULLY MISAPPLY" MEANS THE UNAUTHORIZED OR UNJUSTIFIABLE OR WRONGFUL USE OF THE MONIES, FUNDS, OR CREDITS OF THE BANK.

# "CONSPIRACY" – DEFINED

A CONSPIRACY IS AN AGREEMENT, SPOKEN OR UNSPOKEN.  THE CONSPIRACY DOES NOT HAVE TO BE A FORMAL AGREEMENT OR PLAN IN WHICH EVERYONE INVOLVED SAT DOWN TOGETHER AND WORKED OUT ALL THE DETAILS.  BUT THE UNITED STATES MUST PROVE BEYOND A REASONABLE DOUBT THAT THOSE WHO WERE INVOLVED SHARED A GENERAL UNDERSTANDING ABOUT THE CRIME.  MERE SIMILARITY OF CONDUCT AMONG VARIOUS PEOPLE, OR THE FACT THAT THEY MAY HAVE ASSOCIATED WITH EACH OTHER OR DISCUSSED COMMON AIMS AND INTERESTS DOES NOT NECESSARILY ESTABLISH PROOF OF THE EXISTENCE OF A CONSPIRACY, BUT YOU MAY CONSIDER SUCH FACTORS.

TO ACT "WILLFULLY" MEANS TO ACT VOLUNTARILY AND INTELLIGENTLY AND WITH THE SPECIFIC INTENT THAT THE UNDERLYING CRIME BE COMMITTED – THAT IS TO SAY, WITH BAD PURPOSE, EITHER TO DISOBEY OR DISREGARD THE LAW – NOT TO ACT BY IGNORANCE, ACCIDENT OR MISTAKE.  THE UNITED STATES MUST PROVE TWO TYPES OF INTENT BEYOND A REASONABLE DOUBT BEFORE A DEFENDANT CAN BE SAID TO HAVE WILLFULLY JOINED THE

CONSPIRACY: AN INTENT TO AGREE AND AN INTENT, WHETHER REASONABLE OR NOT, THAT THE UNDERLYING CRIME BE COMMITTED. MERE PRESENCE AT THE SCENE OF A CRIME IS NOT ALONE ENOUGH, BUT YOU MAY CONSIDER IT AMONG OTHER FACTORS. INTENT MAY BE INFERRED FROM THE SURROUNDING CIRCUMSTANCES.

PROOF THAT THE DEFENDANT WILLFULLY JOINED IN THE AGREEMENT MUST BE BASED UPON EVIDENCE OF HIS OWN WORDS AND/OR ACTIONS. YOU NEED NOT FIND THAT THE DEFENDANT AGREED SPECIFICALLY TO OR KNEW ABOUT ALL THE DETAILS OF THE CRIME, OR KNEW EVERY OTHER CO-CONSPIRATOR OR THAT HE PARTICIPATED IN EACH ACT OF THE AGREEMENT OR PLAYED A MAJOR ROLE, BUT THE UNITED STATES MUST PROVE BEYOND A REASONABLE DOUBT THAT HE KNEW THE ESSENTIAL FEATURES AND GENERAL AIMS OF THE VENTURE. EVEN IF THE DEFENDANT WAS NOT PART OF THE AGREEMENT AT THE VERY START, HE CAN BE FOUND GUILTY OF CONSPIRACY IF THE UNITED STATES PROVES THAT HE WILLFULLY JOINED THE AGREEMENT LATER. ON THE OTHER HAND, A PERSON WHO HAS NO KNOWLEDGE OF A CONSPIRACY, BUT SIMPLY HAPPENS TO ACT IN A WAY THAT FURTHERS SOME OBJECT OR PURPOSE OF THE CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR.

IN DETERMINING WHETHER THE DEFENDANT WAS A PARTY TO THE CONSPIRACY CHARGED, THE DEFENDANT MUST BE GIVEN INDIVIDUAL CONSIDERATION OF THE PROOF RESPECTING HIM, INCLUDING ANY EVIDENCE OF HIS KNOWLEDGE OR LACK OF KNOWLEDGE, HIS STATUS, HIS PARTICIPATION IN KEY CONVERSATIONS AND HIS PARTICIPATION IN THE PLAN, SCHEME OR ARRANGEMENTS ALLEGED IN THE INDICTMENT.

THE UNITED STATES DOES NOT HAVE TO PROVE THAT THE CONSPIRACY SUCCEEDED OR WAS ACHIEVED. THE CRIME OF CONSPIRACY IS COMPLETE UPON THE AGREEMENT TO COMMIT THE UNDERLYING CRIME.

## CONSPIRACY - KNOWLEDGE OF ESSENTIAL OBJECTIVE

AS TO THE THIRD ELEMENT OF CONSPIRACY -- THAT THE DEFENDANT KNEW THE ESSENTIAL OBJECTIVE OF THE CONSPIRACY -- THERE ARE THREE SEPARATE OBJECTS OF THE CONSPIRACY ALLEGED IN COUNT ONE OF THE INDICTMENT: (1) TO MAKE FALSE STATEMENTS AND REPORTS TO A FEDERALLY INSURED INSTITUTION IN VIOLATION OF 18 U.S.C. § 1014; (2) TO EXECUTE AND ATTEMPT TO EXECUTE A SCHEME OR ARTIFICE TO OBTAIN MONEYS, FUNDS, CREDITS, ASSETS, SECURITIES AND OTHER PROPERTY OWNED BY AND UNDER THE CUSTODY AND CONTROL OF A FEDERALLY INSURED INSTITUTION BY MEANS OF FALSE AND FRAUDULENT PRETENSES REPRESENTATIONS AND PROMISES, IN VIOLATION OF 18 U.S.C. § 1344(2); AND (3) TO COMMIT THEFT AND MISAPPLICATION BY A BANK OFFICER AND EMPLOYEE, IN VIOLATION OF 18 U.S.C. § 656.   THE GOVERNMENT MUST PROVE AT LEAST ONE OF THESE OBJECTS BEYOND A REASONABLE DOUBT TO SATISFY THE THIRD ELEMENT OF THE OFFENSE CHARGED IN COUNT ONE AND YOU MUST UNANIMOUSLY AGREE UPON WHICH OF THE THREE OBJECTS DEFENDANT CONSPIRED TO COMMIT.

## **CONSPIRACY - OVERT ACT**

AS TO THE SECOND ELEMENT OF CONSPIRACY -- THAT ONE OF THE CONSPIRATORS ENGAGED IN AT LEAST ONE OVERT ACT FURTHERING THE CONSPIRACY'S OBJECTIVE -- THERE ARE SEPARATE OVERT ACTS ALLEGED IN PARAGRAPHS TWELVE THROUGH TWENTY- TWO OF THE INDICTMENT.   THE GOVERNMENT MUST PROVE AT LEAST ONE OF THESE OVERT ACTS BEYOND A REASONABLE DOUBT TO SATISFY THE SECOND ELEMENT OF THE OFFENSE CHARGED IN COUNT ONE AND YOU MUST UNANIMOUSLY AGREE UPON WHICH OF THE OVERT ACTS ONE OF THE CONSPIRATORS ENGAGED IN.

## CONSPIRACY --PARTICIPATION

PARTICIPATION IN A CONSPIRACY MAY BE PROVED BY EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  IN DETERMINING WHETHER THE DEFENDANT PARTICIPATED IN THE CONSPIRACY, IF ANY, YOU MAY CONSIDER ONLY THAT DEFENDANT'S OWN ACTS AND STATEMENTS.  A PROVEN MEMBER OF A CONSPIRACY MAY NOT MAKE DEFENDANT A PARTICIPANT IN THE CONSPIRACY SIMPLY BY SAYING THAT HE WAS A PARTICIPANT. THE DEFENDANT'S PARTICIPATION IN THE CONSPIRACY, IF ANY, MUST BE BASED ON EVIDENCE LIMITED TO THE DEFENDANT.

IN ORDER TO PROVE THE DEFENDANT'S PARTICIPATION IN A CONSPIRACY, THE UNITED STATES MUST PROVE THAT HE DID SOMETHING BEYOND MERE ASSOCIATION WITH, KNOWLEDGE OF, OR APPROVAL OF OR PRESENCE AT A CONSPIRACY.  MERE SIMILARITY OF CONDUCT AMONG VARIOUS PERSONS AND THE FACT THAT THEY MAY HAVE ASSOCIATED WITH EACH OTHER AND MAY HAVE ASSEMBLED TOGETHER AND DISCUSSED COMMON AIMS AND INTERESTS, DOES NOT NECESSARILY PROVE THE EXISTENCE OF A CONSPIRACY.  A PERSON WHO HAS NO KNOWLEDGE OF A CONSPIRACY, BUT HAPPENS TO ACT IN A WAY WHICH FURTHERS SOME OBJECT OR PURPOSE OF THE

CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR.  MERE ASSOCIATION WITH THE CONSPIRATORS IS NOT SUFFICIENT TO ESTABLISH DEFENDANT'S PARTICIPATION OR MEMBERSHIP IN A CONSPIRACY.   PRESENCE AT THE SCENE OF A CRIME AND/OR KNOWLEDGE THAT A CRIME IS BEING COMMITTED ARE NOT SUFFICIENT TO ESTABLISH THE DEFENDANT'S PARTICIPATION IN A CONSPIRACY.

THE DEFENDANT'S PARTICIPATION IN THE CONSPIRACY CAN BE SLIGHT – IN OTHER WORDS, HE CAN HAVE ONLY A MINOR ROLE IN THE ACTIVITIES OF THE CONSPIRACY – AND HE DOES NOT HAVE TO HAVE KNOWLEDGE OF ALL THE DETAILS OR ALL THE MEMBERS OF THE CONSPIRACY, BUT THE EVIDENCE MUST CONVINCE YOU BEYOND A REASONABLE DOUBT OF DEFENDANT'S WILLFUL PARTICIPATION IN THE CONSPIRACY. MERE KNOWLEDGE OF ILLEGAL ACTIVITY, EVEN IN CONJUNCTION WITH PARTICIPATION IN A SMALL PART OF THE CONSPIRACY, DOES NOT BY ITSELF ESTABLISH THAT A PERSON HAS JOINED IN THE GRAND CONSPIRACY.

TO ACT OR PARTICIPATE WILLFULLY MEANS TO ACT OR PARTICIPATE VOLUNTARILY AND INTENTIONALLY, AND WITH SPECIFIC INTENT TO DO SOMETHING THE LAW FORBIDS, OR WITH SPECIFIC

INTENT TO FAIL TO DO SOMETHING THE LAW REQUIRES TO BE DONE; THAT IS TO SAY, TO ACT OR PARTICIPATE WITH THE BAD PURPOSE EITHER TO DISOBEY OR TO DISREGARD THE LAW.  SO, IF THE DEFENDANT, OR ANY OTHER PERSON, WITH UNDERSTANDING OF THE UNLAWFUL CHARACTER OF A PLAN, KNOWINGLY ENCOURAGES, ADVISES OR ASSISTS, FOR THE PURPOSE OF FURTHERING THE UNDERTAKING OF THE SCHEME, HE OR SHE THEREBY BECOMES A WILLFUL PARTICIPANT –A CONSPIRATOR.

FOR A SINGLE ACT TO BE SUFFICIENT TO PROVE THAT THE DEFENDANT IS A WILLFUL PARTICIPANT IN A CONSPIRACY TO VIOLATE THE LAW, THERE MUST BE INDEPENDENT EVIDENCE TENDING TO PROVE THAT DEFENDANT HAD SOME KNOWLEDGE OF THE EXISTENCE AND SCOPE OF THE CONSPIRACY, AND THAT HE BELIEVED THAT THE BENEFIT TO BE DERIVED FROM HIS ACTIONS DEPENDED UPON THE SUCCESS OF THE ACTS OF OTHERS.

## **CONSPIRACY --INTERDEPENDENCE**

THE UNITED STATES IS REQUIRED TO PROVE THAT THE ALLEGED CO-CONSPIRATORS WERE INTERDEPENDENT.  THUS, THE CONDUCT OF THE ALLEGED CO-CONSPIRATORS, INCLUDING THE DEFENDANT, MAY BE DIVERSE AND FAR RANGING, BUT IT MUST BE INTERDEPENDENT IN SOME WAY.

INTERDEPENDENCE IS PRESENT WHEN EACH ALLEGED CO-CONSPIRATOR DEPENDS ON THE OPERATION OF EACH LINK IN THE CHAIN TO ACHIEVE THE COMMON GOAL.  IN ESSENCE, DEFENDANT'S ACTIONS MUST FACILITATE THE ENDEAVORS OF OTHER ALLEGED CO-CONSPIRATORS OR FACILITATE THE VENTURE AS A WHOLE.

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

I HAVE ADMITTED INTO EVIDENCE AGAINST THE DEFENDANT THE ACTS AND STATEMENTS OF OTHERS BECAUSE THESE ACTS AND STATEMENTS WERE COMMITTED BY PERSONS WHO, THE UNITED STATES CHARGES, WERE ALSO CONFEDERATES OR CO-CONSPIRATORS OF THE DEFENDANT ON TRIAL.

THE REASON FOR ALLOWING THIS EVIDENCE TO BE RECEIVED AGAINST THE DEFENDANT HAS TO DO WITH THE NATURE OF THE CRIME OF CONSPIRACY. A CONSPIRACY IS OFTEN REFERRED TO AS A PARTNERSHIP IN CRIME. THUS, AS IN OTHER TYPES OF PARTNERSHIPS, WHEN PEOPLE ENTER INTO A CONSPIRACY TO ACCOMPLISH AN UNLAWFUL END, EACH AND EVERY MEMBER BECOMES AN AGENT FOR THE OTHER CONSPIRATORS IN CARRYING OUT THE CONSPIRACY.

ACCORDINGLY, THE REASONABLY FORESEEABLE ACTS, DECLARATIONS, STATEMENTS AND OMISSIONS OF ANY MEMBER OF THE CONSPIRACY AND IN FURTHERANCE OF THE COMMON PURPOSE OF THE CONSPIRACY ARE DEEMED, UNDER THE LAW, TO BE THE ACTS OF ALL THE MEMBERS, AND ALL OF THE MEMBERS ARE RESPONSIBLE FOR SUCH ACTS, DECLARATIONS, STATEMENTS AND OMISSIONS.

IF YOU FIND, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT HEREIN WAS A MEMBER OF THE CONSPIRACY CHARGED IN THE INDICTMENT, THEN ANY ACTS DONE OR STATEMENTS MADE IN FURTHERANCE OF THE CONSPIRACY BY PERSONS ALSO FOUND BY YOU TO HAVE BEEN MEMBERS OF THAT CONSPIRACY, MAY BE CONSIDERED AGAINST THE DEFENDANT. THIS IS SO EVEN IF SUCH ACTS WERE DONE AND STATEMENTS WERE MADE IN DEFENDANT'S ABSENCE AND WITHOUT HIS KNOWLEDGE.

HOWEVER, BEFORE YOU MAY CONSIDER THE STATEMENTS OR ACTS OF A CO-CONSPIRATOR IN DECIDING THE ISSUE OF THE DEFENDANT'S GUILT, YOU MUST FIRST DETERMINE THAT THE ACTS AND STATEMENTS WERE MADE DURING THE EXISTENCE, AND IN FURTHERANCE, OF THE UNLAWFUL SCHEME. IF THE ACTS WERE DONE OR THE STATEMENTS MADE BY SOMEONE WHOM YOU DO NOT FIND TO HAVE BEEN A MEMBER OF THE CONSPIRACY, OR IF THEY WERE NOT DONE OR SAID IN FURTHERANCE OF THE CONSPIRACY, THEN THEY MAY BE CONSIDERED BY YOU AS EVIDENCE ONLY AGAINST THE PERSONS WHO SAID THEM, IF OTHERWISE RELEVANT, BUT NOT IN REFERENCE TO ANYONE ELSE.

## STATUTE DEFINING THE OFFENSE CHARGED IN COUNT TWO

THE OFFENSE OF MISAPPLICATION OF BANK FUNDS, CHARGED IN COUNT TWO OF THE INDICTMENT, IS DEFINED IN SECTION 656 OF TITLE 18 OF THE UNITED STATES CODE, WHICH PROVIDES:

> WHOEVER, BEING AN OFFICER, DIRECTOR, AGENT OR EMPLOYEE OF . . . ANY INSURED BANK . . . WILLFULLY MISAPPLIES ANY OF THE MONEYS, FUNDS OR CREDITS OF SUCH BANK . . . OR ANY MONEYS, FUNDS, ASSETS OR SECURITIES INTRUSTED TO THE CUSTODY OR CARE OF SUCH BANK . . .

SHALL BE GUILTY OF AN OFFENSE AGAINST THE LAWS OF THE UNITED STATES.

## ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED IN COUNT TWO

DEFENDANT IS CHARGED IN COUNT TWO WITH A VIOLATION OF 18 U.S.C. § 656.

THIS LAW MAKES IT A CRIME FOR CERTAIN PEOPLE TO MISAPPLY THE MONEY, FUNDS, OR CREDITS OF A FEDERALLY INSURED BANK.

TO FIND THE DEFENDANT GUILTY OF THIS CRIME YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

*FIRST*:     THE DEFENDANT WAS AN OFFICER, AGENT, OR EMPLOYEE OF THE BANK OF OKLAHOMA;

*SECOND*:   THE BANK OF OKLAHOMA WAS AN INSURED BANK, MEANING A BANK THE DEPOSITS OF WHICH ARE INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION;

*THIRD*:     THE DEFENDANT WILLFULLY MISAPPLIED FUNDS BELONGING TO OR ENTRUSTED TO THE CARE OF THE BANK OF OKLAHOMA;

*FOURTH*:   THE DEFENDANT ACTED WITH THE INTENT TO INJURE OR DEFRAUD THE BANK OF OKLAHOMA; AND

*FIFTH*:     THE AMOUNT OF MONEY TAKEN WAS MORE THAN $1,000.

TO ACT WITH INTENT TO DEFRAUD MEANS TO ACT WITH INTENT TO DECEIVE OR CHEAT SOMEONE.

TO "WILLFULLY MISAPPLY" MEANS THE UNAUTHORIZED OR UNJUSTIFIABLE OR WRONGFUL USE OF THE MONIES, FUNDS, OR CREDITS OF THE BANK.

## **"KNOWINGLY" DEFINED**

THE TERM "KNOWINGLY," AS USED IN THESE INSTRUCTIONS TO DESCRIBE THE ALLEGED STATE OF MIND OF DEFENDANT, MEANS THAT HE WAS CONSCIOUS AND AWARE OF HIS ACTIONS, THAT HE REALIZED WHAT HE WAS DOING OR WHAT WAS HAPPENING AROUND HIM, AND THAT HE DID NOT ACT BECAUSE OF IGNORANCE, MISTAKE, OR ACCIDENT.

## **PROOF OF KNOWLEDGE**


THE KNOWLEDGE THAT A PERSON POSSESSES AT ANY GIVEN TIME MAY NOT ORDINARILY BE PROVEN DIRECTLY BECAUSE THERE IS NO WAY OF DIRECTLY SCRUTINIZING THE WORKINGS OF THE HUMAN MIND.  IN DETERMINING THE ISSUE OF WHAT A PERSON KNEW AT A PARTICULAR TIME, YOU MAY CONSIDER ANY STATEMENTS MADE OR ACTS DONE BY THAT PERSON AND ALL OTHER FACTS AND CIRCUMSTANCES IN EVIDENCE WHICH MAY AID IN YOUR DETERMINATION OF THAT PERSON'S KNOWLEDGE.

## **PROOF OF INTENT**

INTENT ORDINARILY MAY NOT BE PROVEN DIRECTLY, BECAUSE THERE IS NO WAY OF FATHOMING OR SCRUTINIZING THE OPERATIONS OF THE HUMAN MIND. HOWEVER, YOU MAY DETERMINE DEFENDANT'S INTENT FROM THE SURROUNDING CIRCUMSTANCES.   YOU MAY CONSIDER ANY FACTS AND CIRCUMSTANCES IN EVIDENCE WHICH INDICATE DEFENDANT'S STATE OF MIND.  IT IS ENTIRELY UP TO YOU, THE JURY, TO DECIDE WHAT FACTS TO FIND FROM ALL THE EVIDENCE PRESENTED.

# SPECIFIC INTENT

THE CRIMES CHARGED IN THE INDICTMENT ARE SERIOUS CRIMES REQUIRING PROOF OF SPECIFIC INTENT BEFORE DEFENDANT CAN BE CONVICTED.  SPECIFIC INTENT, AS THE TERM IMPLIES, MEANS MORE THAN THE GENERAL INTENT TO COMMIT THE ACT.  TO ESTABLISH SPECIFIC INTENT, THE UNITED STATES MUST PROVE THAT DEFENDANT KNOWINGLY DID AN ACT WHICH THE LAW FORBIDS, OR KNOWINGLY FAILED TO DO AN ACT WHICH THE LAW REQUIRES, PURPOSEFULLY INTENDING TO VIOLATE THE LAW. SUCH INTENT MAY BE DETERMINED FROM ALL THE FACTS AND CIRCUMSTANCES SURROUNDING THE CASE AND MUST BE PROVEN BEYOND A REASONABLE DOUBT.

# MOTIVE

PROOF OF MOTIVE IS NOT A NECESSARY ELEMENT OF THE CRIMES WITH WHICH DEFENDANT IS CHARGED.  PROOF OF MOTIVE DOES NOT ESTABLISH GUILT, NOR DOES LACK OF MOTIVE ESTABLISH THAT DEFENDANT IS INNOCENT.  IF THE GUILT OF DEFENDANT IS SHOWN BEYOND A REASONABLE DOUBT, IT IS IMMATERIAL WHAT THE MOTIVE FOR THE CRIME MAY BE, OR WHETHER ANY MOTIVE MAY BE SHOWN, BUT THE PRESENCE OR ABSENCE OF A MOTIVE IS A CIRCUMSTANCE WHICH THE JURY MAY CONSIDER AS BEARING ON THE INTENT OF DEFENDANT.

## GOOD FAITH DEFENSE

DEFENDANT ASSERTS A GOOD FAITH DEFENSE.  THE GOOD FAITH OF DEFENDANT IS A COMPLETE DEFENSE TO ALL OF THE CHARGES CONTAINED IN THE INDICTMENT BECAUSE GOOD FAITH ON THE PART OF DEFENDANT IS INCONSISTENT WITH AN INTENT TO COMMIT THE CRIMES CHARGED IN THE INDICTMENT.

A PERSON WHO ACTS, OR CAUSES ANOTHER PERSON TO ACT, ON A BELIEF OR AN OPINION HONESTLY HELD IS NOT PUNISHABLE UNDER THE STATUTES MERELY BECAUSE THE BELIEF OR OPINION TURNS OUT TO BE INACCURATE, INCORRECT, OR WRONG.  AN HONEST MISTAKE IN JUDGMENT OR AN HONEST ERROR IN MANAGEMENT, DOES NOT RISE TO THE LEVEL OF CRIMINAL CONDUCT.  HOWEVER, DEFENDANT'S HONEST BELIEF THAT A VENTURE WILL ULTIMATELY SUCCEED DOES NOT CONSTITUTE GOOD FAITH IF, IN CARRYING OUT THE PLAN, HE KNOWINGLY USES FALSE REPRESENTATIONS OR PRETENSES WITH INTENT TO DECEIVE.

WHILE THE TERM "GOOD FAITH" HAS NO PRECISE DEFINITION, IT ENCOMPASSES, AMONG OTHER THINGS, A BELIEF OR OPINION HONESTLY HELD, AN ABSENCE OF MALICE OR ILL WILL, AND AN INTENTION TO AVOID TAKING UNFAIR ADVANTAGE OF ANOTHER.

THE BURDEN OF PROVING GOOD FAITH DOES NOT REST WITH DEFENDANT BECAUSE DEFENDANT DOES NOT HAVE ANY OBLIGATION TO PROVE ANYTHING IN THIS CASE.  IT IS THE GOVERNMENT'S BURDEN TO PROVE TO YOU, BEYOND A REASONABLE DOUBT, EACH OF THE ELEMENTS OF THE CRIMES CHARGED, INCLUDING THE NECESSARY STATE OF MIND OF THE DEFENDANT, SUCH AS INTENT AND WILLFULNESS, AS THOSE ELEMENTS HAVE BEEN DESCRIBED TO YOU IN THESE INSTRUCTIONS.

IF THE EVIDENCE IN THIS CASE LEAVES YOU WITH A REASONABLE DOUBT AS TO WHETHER DEFENDANT ACTED WITH THE NECESSARY STATE OF MIND OR IN GOOD FAITH, THEN YOU MUST ACQUIT DEFENDANT.

## JURY RECOLLECTION CONTROLS

IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF TESTIMONY OR EXHIBITS DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION OF THE EVIDENCE, IT IS YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS AND NOT THE STATEMENT OF THE COURT OR OF COUNSEL.

YOU ARE THE SOLE JUDGES OF THE EVIDENCE RECEIVED IN THIS CASE.

## ALL PERSONS EQUAL BEFORE THE LAW

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE.  THE LAW IS NO RESPECTER OF PERSONS.  ALL PERSONS STAND EQUAL BEFORE THE LAW, AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.

# A JURY'S DUTY TO DELIBERATE

IT IS YOUR DUTY, AS JURORS, TO TALK WITH ONE ANOTHER AND TO DELIBERATE IN THE JURY ROOM.  YOU SHOULD TRY TO REACH AN AGREEMENT IF YOU CAN.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY.  WHILE THIS IS GOING ON, DO NOT HESITATE TO REEXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF YOU ARE CONVINCED THAT YOU ARE WRONG.  BUT DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY, OR MERELY TO GET THE CASE OVER WITH.  YOUR ONLY INTEREST IS TO DETERMINE WHETHER THE UNITED STATES HAS PROVEN DEFENDANT GUILTY BEYOND A REASONABLE DOUBT.

THE DECISION YOU REACH IN THE JURY ROOM MUST BE UNANIMOUS.  YOU MUST ALL AGREE.  YOUR DELIBERATIONS WILL BE SECRET.  YOU WILL NEVER HAVE TO EXPLAIN YOUR VERDICT TO ANYONE.

## USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH
## OR COMMUNICATE ABOUT A CASE

DURING YOUR DELIBERATIONS, YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE BY ANY MEANS ABOUT THIS CASE.  YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A TELEPHONE, CELL PHONE, SMART PHONE, IPHONE, BLACKBERRY OR COMPUTER; THE INTERNET, ANY INTERNET SERVICE, OR ANY TEXT OR INSTANT MESSAGING SERVICE; OR ANY INTERNET CHAT ROOM, BLOG, OR WEBSITE SUCH AS FACEBOOK, MY SPACE, LINKEDIN, YOUTUBE OR TWITTER, TO COMMUNICATE TO ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT.

## **VERDICT**

IF YOU FIND FROM THE EVIDENCE IN THIS CASE AND UNDER THESE INSTRUCTIONS, BEYOND A REASONABLE DOUBT, THAT DEFENDANT IS GUILTY OF EITHER OR BOTH OF THE CRIMES CHARGED AGAINST HIM IN THIS CASE, THEN YOU SHOULD FIND DEFENDANT GUILTY OF THAT CRIME OR THOSE CRIMES CHARGED.  IF, HOWEVER, YOU DO NOT SO FIND, OR IF YOU ENTERTAIN A REASONABLE DOUBT AS TO THE GUILT OF DEFENDANT AS TO EITHER OR BOTH OF THE CRIMES CHARGED AGAINST HIM, THEN YOU SHOULD FIND DEFENDANT NOT GUILTY OF THAT CRIME OR THOSE CRIMES CHARGED.

THE COURT WILL FURNISH A VERDICT FORM FOR YOUR USE.

## **CLOSING**

YOU ARE THE JUDGES OF THE FACTS, OF THE WEIGHT OF THE EVIDENCE, AND OF THE CREDIBILITY OF THE WITNESSES.  FROM ALL THE FACTS AND CIRCUMSTANCES APPEARING IN EVIDENCE AND FROM YOUR OBSERVATIONS DURING THE TRIAL AND AIDED BY THE KNOWLEDGE WHICH YOU EACH POSSESS IN COMMON WITH OTHER PERSONS, YOU WILL REACH YOUR CONCLUSIONS.

THESE INSTRUCTIONS CONTAIN ALL THE LAW, WHETHER STATUTORY OR OTHERWISE, TO BE APPLIED BY YOU IN THIS CASE, AND THE RULES BY WHICH YOU ARE TO WEIGH THE EVIDENCE AND DETERMINE THE FACTS IN ISSUE.  YOU WILL NOT USE ANY METHOD OF CHANCE IN ARRIVING AT A VERDICT, BUT WILL BASE IT ON THE JUDGMENT OF EACH JUROR CONCURRING THEREIN.

## **SELECTION OF FOREPERSON;**
## **COMMUNICATION WITH THE JUDGE;**
## **VERDICT FORMS**

WHEN YOU GO TO THE JURY ROOM TO BEGIN CONSIDERING THE EVIDENCE IN THIS CASE, I SUGGEST THAT YOU FIRST SELECT ONE OF THE MEMBERS OF THE JURY TO ACT AS YOUR FOREPERSON. THIS PERSON WILL HELP GUIDE YOUR DISCUSSIONS IN THE JURY ROOM. ONCE YOU ARE THERE, IF YOU NEED TO COMMUNICATE WITH ME, THE FOREPERSON WILL SEND A WRITTEN MESSAGE TO ME. HOWEVER, DO NOT TELL ME, OR ANY OTHER PERSON, HOW YOU STAND AS TO YOUR VERDICT.

AS I HAVE MENTIONED SEVERAL TIMES, THE DECISION YOU REACH MUST BE UNANIMOUS; YOU MUST ALL AGREE.

WHEN YOU REACH A DECISION, HAVE THE FOREPERSON SIGN AND DATE THE VERDICT FORM, AND RETURN IT TO ME.

THE BAILIFF WILL COME FORWARD TO BE SWORN.

_Claire V Eagn_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

77